IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APPLIANCE ALLIANCE, LLC, BRENT TURLEY, and MINENA TURLEY, | § § § | |
| Plaintiffs, | § § | No. 3:15-cv-01707-M |
| v. | § § | |
| SEARS HOME APPLIANCE SHOWROOMS, LLC, SAMANTHA WILKS, SEARS HOLDINGS CORP. d/b/a Sears Hometown & Outlet, SEARS.COM, and SEARS, ROEBUCK AND CO., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion for Leave to File an Amended Answer and an Amended Notice of Removal [Docket Entry #22] and Motion to Transfer [Docket Entry #8], and Plaintiffs' Motion for Leave to File an Amended Complaint [Docket Entry #28] and Motion to Remand [Docket Entry #12]. For the following reasons, the Defendants' Motions for Leave to File an Amended Answer and Notice of Removal and to Transfer are **GRANTED**, and Plaintiffs' Motions for Leave to File an Amended Complaint and to Remand are **DENIED**. This case is **TRANSFERRED** to the Northern District of Illinois.

### I.   FACTUAL BACKGROUND

Plaintiffs allege that Defendants breached franchise agreements with Plaintiffs and wrongfully took possession of Plaintiffs' franchise locations. Plaintiffs also allege that Defendants committed numerous state law torts, including defamation, conversion, trespass, and tortious interference with ongoing business relationships.

Defendants removed this case on the basis of diversity jurisdiction. The Notice of

Removal alleges that all Plaintiffs are citizens of Texas, and, of the Defendants, that only Samantha Wilks—a District Sales Manager allegedly involved in taking possession of Plaintiffs' locations—is a citizen of Texas [Docket Entry #1, at 4].  In their Answer, Defendants also "admit[ted] that Wilks is citizen and resident of Texas" [Docket Entry #5 at ¶ 5].  However, Defendants claimed that her citizenship could be ignored, because she was improperly joined.  Plaintiffs moved to remand, alleging that Wilks was properly joined [Docket Entry #12], and Defendants moved to transfer, relying on forum selection clauses in the parties' contracts [Docket Entry #8].

Defendants now claim that Wilks is *not* a Texas citizen.  They maintain that when they originally conferred with her regarding her citizenship, Wilks, a non-lawyer, did not understand the difference between residency and citizenship as the concepts relate to diversity jurisdiction.  Defense counsel urge that only after filing the Notice of Removal and Answer did they discover facts showing Wilks to be a citizen of Florida.  According to Wilks's declaration, she came to Texas in February of 2015 for a temporary job placement, but she owns real property only in Florida, where she is registered to vote and has a driver's license, where she also registers her two cars, is a member of a church, and does her banking.  Wilks Decl. [Docket Entry #22, Ex. A-1 at ¶¶ 14–16].  Wilks declares she does not anticipate that her current assignment in Texas will last more than one year, and she plans to leave Texas once her assignment ends.  *Id.*

On August 27, 2015, the Court held a hearing on the Motion to Remand and the Motion to Transfer.  The Court stated that her declaration indicated that Wilks was not a Texas citizen and that the Court was likely to deny remand and transfer the case, but allowed Plaintiffs to conduct limited discovery into Wilks's citizenship.  After discovery, Plaintiffs filed a supplement to their Motion to Remand, attaching Wilks's one-year Texas apartment lease, a summary for her

2

current job, a list of stores for which she has responsibility, including numerous Texas locations, and an agreement with her employer providing for relocation assistance for her move to Texas.

After the hearing, Defendants filed a Motion for Leave to File an Amended Answer and an Amended Notice of Removal to state that Wilks is a citizen of Florida, not Texas. [Docket Entry #22]. Plaintiffs then filed their own Motion for Leave to Amend, seeking to join as defendants two Texas citizens—the landlord for one of their former franchise locations and another Sears District Sales Manager. [Docket Entry #28].

## II.    DIVERSITY JURISDICTION

A defendant may remove an action if the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). A district court generally may hear a case only if it involves a question of federal law, or where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983)).

For a case to be removed based on diversity, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). For diversity jurisdiction purposes, individuals are citizens of the states where they are domiciled, as "for purposes of federal diversity jurisdiction, 'citizenship' and 'domicile' are synonymous." *Hendry v. Masonite Corp.*, 455 F.2d 955, 955

3

(5th Cir. 1972).  A limited liability company's citizenship is that of each of its members. *Harvey*, 542 F.3d at 1080 (5th Cir. 2008).  Corporations are citizens of their places of incorporation and principal place of business.  *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir. 1982).

### III. DEFENDANTS' MOTION TO AMEND

Defendants seek to amend their filings to correct allegedly mistaken allegations that Wilks is a citizen of Texas.[1]  Plaintiffs argue that Defendants are bound by admissions in their Notice of Removal and Answer regarding Wilks's citizenship.

The evidence indicates that complete diversity exists.  Residency is not the same as citizenship for purposes of diversity jurisdiction: "a 'citizen of one state may reside for a term of years in another state, of which he is not a citizen; for[ ] citizenship is clearly not co-extensive with inhabitancy.'" *Simon v. Taylor*, 455 F. App'x 444, 446, 446 n.2 (5th Cir. 2011) (quoting *Bingham v. Cabot,* 3 U.S. 382 (1798)).  A change in domicile requires: "(1) physical presence at the new location and (2) an intention to remain there indefinitely." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013).  "Mere presence in a new state—without intent to remain—is insufficient to change domicile for diversity purposes." *Id.* (upholding a district court's finding that individuals who had "relocate[d] to Texas temporarily" but "continually expressed their intention to return to Louisiana" were citizens of Louisiana).  To determine citizenship, courts look to objective indicia of intent like "participation in all phases of

---

[1] The Notice of Removal states that Brent and Minena Turley are residents and citizens of Texas and that they are the sole members of Appliance Alliance, LLC, which is thus a Texas citizen.  The sole member of Defendant Sears Home Appliance Showrooms, LLC is Sears Hometown and Outlet Stores, Inc., a Delaware corporation headquartered in Illinois, and Sears Home Appliance Showrooms is thus a citizen of Delaware and Illinois. Defendant Sears Holdings Corporation is a Delaware corporation headquartered in Illinois and is thus a citizen of Delaware and Illinois.  Defendant Sears, Roebuck and Co. is a New York corporation with its principal place of business in Illinois and is thus a citizen of New York and Illinois.  Defendants allege that Sears.com does not exist as an independent entity and there is no proof otherwise.

4

community life and governmental activities" as well as "declarations, exercise of political rights, residence and employment." *Rivera v. Chapa*, 233 F. Supp. 428, 431 (S.D. Tex. 1964).

Here, the record proves that Wilks, though residing in Texas, does not intend to stay in Texas. In addition to her statements of intent, her property ownership, voter registration, driver's license, vehicle registration, church membership, and bank affiliation constitute significant evidence of her intent to return to Florida, not to remain in Texas. The evidence submitted by Defendants after discovery is not sufficient to outweigh those facts.[2]

Plaintiffs argue Defendants are bound by their judicial admissions that Wilks is a Texas citizen. A "judicial admission is a formal concession in the pleadings or stipulations by a party or counsel" as to a matter of fact. *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir. 2001). A "judicial admission is conclusive, *unless the court allows it to be withdrawn*." *Id.* at 477 (emphasis added). Generally, courts have broad discretion to allow parties to withdraw judicial admissions. *See GlobeRanger Corp. v. Software AG*, 27 F. Supp. 3d 723, 744 (N.D. Tex. 2014) (Boyle, J.) (quoting *City Nat. Bank v. United States,* 907 F.2d 536, 544 (5th Cir. 1990)). Plaintiffs cite *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987), for the proposition that Defendants are conclusively bound by their admissions. In that case, the court determined that, where a pleading *had not been amended or withdrawn*, the factual allegations in the pleadings superseded other evidence in the record for purposes of deciding a summary judgment motion. *Id.* That is not the case here, where Defendants sought leave to amend early in the litigation.

---

[2] Despite Defendants' argument that "discovery has not turned up any evidence contradicting" Wilks's declaration [Docket Entry #33 at 3], discovery did reveal an error in Wilks's declaration. She stated that she is renting her apartment in Dallas on a month-to-month basis, but the evidence shows she actually has a one-year lease. Although the existence of a one-year lease is not significant enough to change the Court's determination on citizenship, the Court notes that defense counsel have twice been careless regarding the facts related to Wilks's citizenship in information presented to the Court.

5

The Court is authorized to allow Defendants to amend their Answer. Indeed, the Federal Rules of Civil Procedure make clear that courts should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15. Here, no scheduling order has been issued, so Rule 15(a) governs amendment of pleadings. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Since the evidence in the record indicates that, as a matter of fact, Wilks is not a citizen of Texas, justice requires the Court to allow Defendants to amend. *See* Wilks Decl. [Docket Entry #22, Ex. A]. "Litigation is not a game of 'gotcha,'" and the Court will not decline to exercise its jurisdiction "based on an honest mistake." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008). Jurisdiction should be decided on actual facts. The Court therefore will allow Defendants to amend their Answer.

The Court also has authority to allow Defendants to amend their Notice of Removal. Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Sanders v. Leggett & Platt, Inc.*, 2010 WL 3282978, at *1 (N.D. Tex. Aug. 17, 2010) (Lynn, J.); *see also Swindol v. Aurora Flight Sciences Corp.*, __ F.3d __, 2015 WL 5090578, at *1 (5th Cir. Aug. 28, 2015). "Motions to amend under Section 1653 may be considered" when a court's "discretionary examination of the record as a whole establishes at least a substantial likelihood that jurisdiction exists." *Swindol*, 2015 WL 5090578, at *1 (internal quotation marks and citation omitted). Courts "may allow amendments to notices of removal with defective allegations of jurisdiction, but not missing allegations of jurisdiction." *Sanders*, 2010 WL 3282978, at *1. Similarly, courts may allow amendments to cure defective jurisdictional allegations but not procedural defects. *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) (Lynn, J.) (finding that "[f]ailure

to join in removal is a procedural defect that cannot be cured" under § 1653). However, Section 1653 is "liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties." *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 586–87 (S.D. Tex. 2012) (Harmon, J.) (quoting *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010)).

Defendants' allegation regarding Wilks's citizenship is a technical defect which the Court may allow them to correct under Section 1653. The Fifth Circuit has repeatedly allowed parties to amend notices of removal to change citizenship allegations. For example, in *Swindol*, the Fifth Circuit allowed a party to add allegations about a corporate defendant's state of incorporation and principal place of business, because public documents persuaded the court that the parties were completely diverse. *Swindol*, 2015 WL 5090578, at *1–2. In *Kaufman v. W. Union Tel. Co.*, the court allowed a plaintiff to fix its factually incorrect allegation that a defendant corporation was based in Dallas, because the "Encyclopedia Britannica . . . indicate[d] that [defendant was] a New York corporation." 224 F.2d 723, 725 (5th Cir. 1955); *see also Menendez*, 364 F. App'x at 66.

This Court has previously allowed defendants to correct their allegations of citizenship in notices of removal. *See, e.g., Moore v. Gladiator Events, LLC*, 2015 WL 5459625, at *2 (N.D. Tex. Sept. 15, 2015) (Lynn, J.) (allowing a removing limited liability company to amend its notice of removal to provide the citizenship of its sole member); *accord Alvarez v. Aldi (Texas), L.L.C.*, 2014 WL 1694901, at *3 (N.D. Tex. Apr. 28, 2014) (Lindsay, J.) (finding a "wrong assertion" that a party was a citizen of Illinois to be a "technical or procedural error pertaining to jurisdiction, which may be corrected by amendment"); *ALMS, Ltd., L.L.P. v. Guzman*, 1998 WL 684245, at *1 (N.D. Tex. Sept. 25, 1998) (Fish, J.) (allowing a removing defendant to amend a

notice of removal to properly identify its citizenship). Here, because the record establishes a substantial likelihood that jurisdiction exists, the Court will allow Defendants to amend their Notice of Removal.

Defendants' Motion for Leave to File an Amended Answer and an Amended Notice of Removal [Docket Entry #22] is therefore **GRANTED**.

## IV.  PLAINTIFFS' MOTION TO AMEND

Plaintiffs seek leave to amend their Complaint to add two new defendants: Jeffrey Scott Tucker, a District Sales Manager for Sears, and 2720 SH 121, LP ("2720"), the landlord for one of Plaintiffs' franchise locations—both citizens of Texas who, according to Plaintiffs, would "unquestionably defeat diversity of citizenship and require remand."[3]  Plaintiffs urge these individuals should be joined because Tucker allegedly assisted Defendants in taking possession of one of Plaintiffs' franchise locations and Plaintiffs claim he defamed them, and because 2720 allegedly changed the locks on one of Plaintiffs' franchise locations and is now suing Plaintiffs for breach of their lease.[4]

Plaintiffs argue that it would be inconsistent for the Court to grant Defendants' Motion for Leave to Amend but deny Plaintiffs' Motion. That argument is unpersuasive. As Plaintiffs recognize, the Court is required to analyze the two motions under very different standards. A motion for leave to amend that will add a non-diverse party and destroy diversity is governed by 28 U.S.C. § 1447(e), not the permissive standard of Rule 15(a). *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Akbani v. TRC Engineers, Inc.*, 2009 WL 2614473, at *1 (N.D. Tex. Aug. 25, 2009) (Lynn, J.). Under Section 1447(e), a court has discretion either to

---

[3] Pl. Mot. [Docket Entry #28] at 4.
[4] To the extent the proposed amended complaint includes other changes, unrelated to the addition of Tucker and 2720 and to Wilks's citizenship, Plaintiffs presumptively will seek leave to make such amendments after the case has been transferred.

8

deny joinder and retain the case, or to permit joinder and remand the action. District courts "should scrutinize such amendments more closely than an ordinary amendment, and should balance the equities to decide whether amendment should be permitted." *Akbani*, 2009 WL 2614473, at *1. In "balancing the original defendants' interest in maintaining a federal forum against the plaintiffs' interest in avoiding multiple and parallel litigation, a court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Id.* at *3 (citing *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1181–82 (5th Cir. 1987)).

      *A. The Extent to Which the Purpose of Amendment is to Defeat Jurisdiction*

When applying the first factor, courts consider the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal. *See Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *2–5 (N.D. Tex. Aug. 4, 2015) (Lynn, J.).

Where the proposed claims are viable, "it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction," and this factor usually favors joinder. *Patton v. Ortho Dev. Corp.*, 2013 WL 2495653, at *2 (N.D. Tex. June 10, 2013) (Lynn, J.). However, even when a plaintiff asserts viable claims, if "the timing of the proposed amendment suggests [the plaintiff's] principal purpose is to destroy diversity," this factor weighs against granting leave to amend. *Andrews Restoration, Inc.*, 2015 WL 4629681, at *5; *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012). For example, in *Arthur v. Stern*, the court found that, "[a]lthough the proposed added claim appear[ed] cognizable," the plaintiff's "evident

intent to pursue her claims in state court" caused this factor to weigh against allowing leave to amend.  2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008) (Rosenthal, J.).

Here, the circumstances surrounding Plaintiffs' Motion are such that the Court need not evaluate the viability of Plaintiffs' claims.  It is evident that the amendment is sought for the purpose of defeating diversity jurisdiction.  Where a plaintiff did not seek to include a non-diverse defendant in litigation from the beginning but seeks to add one "shortly after removal, but prior to any additional discovery, [that indicates] that the amendment is sought for the purpose of defeating diversity."  *Andrews Restoration, Inc.*, 2015 WL 4629681, at *4 (quoting *Martinez v. Holzknecht,* 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)).  Additionally, as this Court has recognized, "[t]he concomitant filing of a motion to remand on the basis of destruction of diversity with the motion to join [a non-diverse defendant] strongly supports this conclusion."  *Akbani*, 2009 WL 2614473, at *3; *see Smith v. Robin Am., Inc.,* 2009 WL 2485589 (S.D. Tex. Aug. 7, 2009).

Here, the inference that Plaintiffs seek to destroy diversity is particularly strong.  Not only are Plaintiffs seeking to join non-diverse parties after removal and prior to substantive discovery while simultaneously pursuing remand, they are seeking to amend shortly after the Court stated that the evidence indicated that diversity jurisdiction existed and that—unless discovery revealed otherwise—the Court would not remand the case.  That Plaintiffs waited until shortly after the hearing "raises considerable suspicion concerning plaintiffs' purpose."  *Alba v. S. Farm Bureau Cas. Ins. Co.,* 2008 WL 4287786 at *2 (N.D. Tex. Sept.19, 2008) (Fitzwater, J.).  This Court has found it "important that [a plaintiff] waited until nine days after removal, and almost two months after commencing suit" to add non-diverse parties.  *Andrews Restoration, Inc.*, 2015 WL 4629681, at *5; *see also Anzures*, 886 F. Supp. 2d 555, 564 (finding that the fact

that the court had already denied a motion to remand indicated that the amendment was intended to destroy diversity).  Plaintiffs' timing is even more suspicious here, where they waited until nineteen days after a hearing on their Motion to Remand, and more than four months after commencing suit, to seek to add non-diverse parties.

Additionally, "if the plaintiff knew of the non[-]diverse defendant from the outset and chose to exclude him from the original pleading, 'the court views this fact with much suspicion.'" *Andrews Restoration, Inc.*, 2015 WL 4629681, at *4 (quoting *O'Connor v. Automobile Ins. Co.,* 846 F. Supp. 39, 41 (E.D. Tex. 1994)); *Anzures,* 886 F.Supp.2d at 564.  Plaintiffs knew the identities of Tucker and 2720 and the facts underlying their claims when they filed their Original Petition.  The proposed Amended Complaint alleges that Tucker took the keys to one of Plaintiffs' franchise locations *from Plaintiffs* and instructed 2720 to change the locks at Plaintiffs' location; 2720 allegedly changed the locks and thus "participated in, and conspired with the Sears Defendants to accomplish . . . conversion and trespass," and "aided" Defendants in the "destruction of Plaintiffs' business."  Plaintiffs provide no explanation for why they waited to bring suit against Tucker, despite apparently knowing the basis of their claims against him since the moment he took keys from their possession, which alone raises serious doubt about Plaintiffs' motive in bringing this Motion.  *O'Connor,* 846 F. Supp. at 41.

Plaintiffs explain their delay in suing 2720 by arguing that they believed Defendants were paying rent for the franchise location and thus did not anticipate a legal conflict with 2720.  However, the facts supporting their claim against 2720 occurred simultaneously with those underlying their claims against the current Defendants.  That Plaintiffs did not anticipate 2720's lawsuit says nothing about whether Plaintiffs were aware of the facts underlying their claim.  *See Anzures*, 886 F. Supp. 2d at 563 (finding a plaintiff's explanation for belated joinder of a non-

11

diverse party—that defendants had recently designated the non-diverse party as a responsible third party—unpersuasive, where the plaintiff had "known of the facts supporting . . . liability since the beginning of the litigation).  Plaintiffs' intent to seek indemnification for the cost of 2720's lawsuit does not justify joining 2720.  At most, Defendants' alleged responsibility for Plaintiffs' expenses and any losses in that suit may be relevant to damages in this case.  Indeed, under Plaintiffs' theory, Plaintiffs could join any party they have a dispute with arising out of the termination of their franchise agreements, such as their employees, vendors, and contractors.

Because Plaintiffs "had reason to know about [their] proposed claims before removal, and fail[ed] to provide a persuasive explanation for [their] delay in asserting those claims, it is more likely than not that [they] sought joinder to defeat jurisdiction." *Patton*, 2013 WL 2495653, at *2 (quotation marks and citation omitted); *see Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2010 WL 1491422, at *5 (N.D. Tex. Apr. 13, 2010) (Fitzwater, J.).  This factor therefore weighs heavily in favor of denying leave.

*B. Whether the Plaintiff Has Been Dilatory in Asking For Amendment*

There is no set timetable for when the timing of a proposed amendment reflects dilatoriness.  *Andrews Restoration, Inc.*, 2015 WL 4629681, at *4; *compare Bonilla v. America's Servicing Co.*, 2011 WL 3882280, at *4 (S.D. Tex. Sept. 2, 2011) (allowing plaintiff to add a proposed non-diverse defendant three weeks after originally filing the complaint in state court) *and Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 891 (S.D. Tex. 2010) (allowing plaintiff to add a non-diverse defendant two months after the initial complaint was filed and one month after the case was removed) *with Philips v. Delta Air Lines Inc.,* 192 F.Supp.2d 727, 729 (E.D. Tex.2001) (holding it was dilatory to wait two months after filing the complaint to add two new non-diverse parties).  Often, courts have found plaintiffs not to be dilatory when the plaintiff amends the

12

complaint "before any trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Andrews Restoration, Inc.*, 2015 WL 4629681, at *6 (quoting *Herzog v. Johns Manville Products Corp.,* 2002 WL 31556352, at *2 (E.D. La. Nov.15, 2002)).

Here, except for jurisdictional discovery, the case has not progressed beyond the pleading stage, and the Court has not issued a scheduling order. However, Plaintiffs filed their Motion to Amend more than four months after filing their Petition. The Court finds that Plaintiffs have been somewhat dilatory in seeking to amend, so this factor weighs against granting leave.

*C. Whether the Plaintiff Will Be Significantly Injured if Amendment is Not Allowed*

The third factor is injury to the plaintiff if amendment is not permitted. *Andrews Restoration, Inc.*, 2015 WL 4629681, at *6–7. When examining whether denying joinder would injure a plaintiff, courts consider the "cost, judicial efficiency, and possible inconsistency of results" that might result if the plaintiff is forced to try two related claims in different courts. *Id.* (quotation omitted); *see Bonilla,* 2011 WL 3882280, at *4. The plaintiff "must show that it will be *significantly* injured if the court denies joinder." *Andrews Restoration, Inc.*, 2015 WL 4629681, at *6–7; *see also Ewans v. Wells Fargo Bank N.A.*, 2008 WL 4998945, at *2 (N.D. Tex. Nov. 21, 2008) (Lynn, J.).

Plaintiffs claim that they will be substantially injured if amendment is not allowed, because they will be forced to litigate in both federal court and state court "the same issues involving the Euless lease and Plaintiffs' attempts to obtain indemnity from liability to 2720 by Sears." However, Plaintiffs do not explain why joining 2720 to this action will prevent the pending state court action by 2720 from proceeding. Even if this case were remanded, it is far from clear that it would be consolidated with 2720's action, which is pending in Tarrant County. *See Crestway Care Ctr., Inc. v. Berchelmann*, 945 S.W.2d 872, 874 (Tex. App.—San Antonio

1997, pet. dism'd) (noting that, in Texas state courts, cases may only be consolidated if they are "so related that evidence presented will be material, relevant, and admissible in each case" and if consolidation does not result in prejudice to the complaining party). The Court also notes that a lawsuit between Plaintiffs and Defendants regarding the facts at issue in this case is in the Northern District of Illinois, and that court denied Plaintiffs' motion to dismiss that action in favor of this one. *See Order Denying Motion to Dismiss*, No. 15-C-4414 (N.D. Ill. Dec. 8, 2015). Plaintiffs thus face a risk of inconsistent outcomes regardless of whether they are permitted to amend.

Because the Court finds that Plaintiffs' prospects of recovery are not enhanced by the joinder of Tucker and 2720, nor will they otherwise suffer significant injury if Tucker and 2720 are not joined, this factor weighs against granting leave.

*D. Any Other Factors Bearing On the Equities*

Finally, the Court must consider any "unique circumstances presented" by the parties. *Andrews Restoration, Inc.*, 2015 WL 4629681, at *7 (quoting *Bonilla,* 2011 WL 3882280, at *5). Here, the only other factor bearing on the equities is Defendants' interest in proceeding in the federal forum they properly invoked. *Akbani*, 2009 WL 2614473, at *3–4.

Thus, this factor weighs against allowing amendment. *Id.* The balance of these factors weighs against granting Plaintiffs' Motion for Leave to Amend. Thus, Plaintiffs' Motion for Leave to Amend to join 2720 and Tucker is **DENIED**.

V.   **PLAINTIFFS' MOTION TO REMAND**

Because the Court concludes that Wilks is a citizen of Florida and is not permitting Plaintiffs to join Texas citizens to this action, there is complete diversity, and the Motion to Remand is thus **DENIED**.

## VI.  DEFENDANTS' MOTION TO TRANSFER

As stated by the Court at the August 27, 2015 hearing, the forum selection clauses in the franchise agreements, promissory notes, and guarantor agreements governing the parties' business relationship support a transfer to the Northern District of Illinois.  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S. __, 134 S. Ct. 568, 581 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). "[F]orum-selection clauses should be 'given controlling weight in all but the most exceptional cases.'"  *Saye v. First Specialty Ins. Co.*, 2014 WL 1386565, at *3 (N.D. Tex. Apr. 9, 2014) (Lynn, J.) (quoting *Atl.* Marine, 134 S. Ct. at 579).  This is not such an exceptional case.  The Court therefore **GRANTS** the Motion to Transfer.

## VII.  CONCLUSION

The Defendants' Motions for Leave to File an Amended Notice of Removal and Answer and to Transfer are **GRANTED** and Plaintiffs' Motions for Leave to File an Amended Complaint and to Remand are **DENIED**.  The case is therefore **TRANSFERRED** to the Northern District of Illinois.

**SO ORDERED**.

December 23, 2015.

*/s/ Barbara M. G. Lynn*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**